```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DEE AMANZE                      :    CIVIL ACTION
                                :
     v.                         :
                                :
STRATEGIC RESOURCE CO., et al.: :    NO. 08-1395

ORDER

AND NOW, this 23rd day of April, 2008, upon consideration of defendant's motion to dismiss (docket entry #3), and the pro se plaintiff's objections to removal (docket entry #4), the parties' supplemental memoranda, and the Court finding:

(a) Pro se plaintiff Dee Amanze filed a complaint in the Court of Common Pleas for breach of contract and fraudulent misrepresentation; Amanze alleges that the defendants' representatives told him that the policy would cover treatment for his diabetes but then the defendants decided not to reimburse him for the associated medical costs because his diabetes was a pre-existing condition under the policy, Not. of Removal, Ex. A [Compl.] ¶¶ 6-18;

(b) Defendants removed the action to this Court asserting that Amanze should have brought his claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B),[1] Not. of Removal ¶ 9;

---

[1] Amanze does not plead an ERISA claim on the face of his complaint. We would normally not have jurisdiction to hear the defendants' motion to dismiss because of the well-pleaded complaint rule. Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 24 (1983). But an exception to the well-pleaded complaint rule applies to putative ERISA actions: "when a purportedly state-law claim comes within the scope of an exclusively federal cause of action, it necessarily 'arises under' federal law, and is completely preempted." DiFelice v. Aetna U.S. Healthcare, 346 F.3d 442, 446

(c) Defendants now seek to dismiss the claims under Fed. R. Civ. P. 12(b)(6) because ERISA preempts Amanze's claims;[2]

(d) Amanze denies that he has brought an ERISA claim, asserts that his claims are legitimately state law claims, and moves to remand the case to state court, Objs. to Not. of Removal ¶¶ 5-11;

(e) For this action to properly fall under ERISA, the plaintiff must be an employee covered by an employee benefit plan, Nationwide Mutual Ins. Co. v. Darden, 503 U.S. 318, 320-21 (1992);

(f) In his complaint, Amanze alleges that he "is a contract employee of [All-in-1] and assigned to Merck on a 1-year contract ending May 16, 2008," Compl. ¶ 5; furthermore, the insurance policy under which Amanze brings his claim is an All-

---

(3d Cir. 2003) (citing Franchise Tax Bd., 463 U.S. at 24; Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7-8 (2003)) (internal quotations omitted). Thus, we have jurisdiction to hear the defendants' present motion to dismiss.

[2]In reviewing a motion to dismiss for failure to state a claim, "[w]e accept all well pleaded factual allegations as true and draw all reasonable inferences from such allegations in favor of the complainant." Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003).
To survive a motion to dismiss, the plaintiff must "allege facts sufficient to raise a right to relief above the speculative level." Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297, 317 (3d Cir. Sept. 4, 2007) (citing Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. This requires "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272 at *1 (3d Cir. Jul. 16, 2007) (unpublished) (quoting Twombly, 127 S. Ct. at 1969).

in-1 group policy, Not. of Removal, Ex. B at 1;

  (g) The group insurance plan is an employee benefit plan as defined by ERISA, but it is not certain whether under ERISA Amanze is an employee or independent contractor of either All-in-1 or Merck;

  (h) The United States Supreme Court has adopted the common-law test to determine whether one is an employee for ERISA purposes; this test obliges us to examine

> the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party,

Darden, 503 U.S. at 323-24;

  (i) Although we have little information on Amanze's relationship with All-in-1 or Merck, the facts Amanze does allege -- e.g., that All-in-1 provides group health benefits for which Amanze is eligible and can assign him to work at Merck -- weigh in favor of finding that he is an employee of All-in-1; Amanze provides nothing that would undercut this finding;

  (j) Thus, we find that Amanze is an employee of All-in-1; since the group policy qualifies an employee benefits plan, Amanze's claim properly falls under ERISA;

  (k) Therefore, ERISA preempts Amanze's state law breach of contract claim because "the claim could have been the

3

subject of a civil enforcement action under § 502(a)," <u>DiFelice v. Aetna U.S. Healthcare</u>, 346 F.3d 442, 446 (3d Cir. 2003);

(l)  Furthermore, any state law claim that is "relate[d] to" an employee benefits plan is preempted by ERISA, 29 U.S.C. § 1144(a); all of the Amanze's remaining state law claims relate to the employee benefit plan because these claims concern what defendants allegedly represented about the health insurance policy coverage, Compl. ¶¶ 20-28;

(m)  Thus, ERISA also preempts these claims; since Amanze does not allege that the defendants violated ERISA, he has failed to state a claim upon which we can grant relief;

It is hereby ORDERED that:

1.  Plaintiff's motion for remand is DENIED;

2.  Defendants' motion to dismiss is GRANTED; and

3.  Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE to plaintiff's filing of an amended complaint asserting a viable ERISA claim if he can do so conformably with Fed. R. Civ. P. 11 and files it by May 5, 2008.

BY THE COURT:

/s/ Stewart Dalzell, J.